JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK T. RUMOLD,
Cal. Bar #279060
Asst. Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>       vs.<br><br>Jacob Angel Chavez,<br><br>            Defendant | Case No. CR-22-00923-PHX-SMB-1<br><br>**OBJECTION TO PSR** |

Defendant Jacob Angel Chavez, through undersigned counsel, respectfully submits the following objection to the draft PSR.

Specifically, Mr. Chavez objects to the base offense level calculation. *See* Draft PSR ¶ 20.

That calculation concluded, based on Mr. Chavez's self-described marijuana use, that Mr. Chavez was a prohibited person within the meaning of 18 U.S.C. § 922(g)(3).  Because of this, according to the PSR, Mr. Chavez's base offense level is 20. *See id*. (applying USSG §2k2.1(a)(4)(B)).

As explained below, that conclusion is incorrect.

//

//

1

**1. The PSR and the applicable Sentencing Guideline**

USSG § 2k2.1 applies in this case.

Correctly calculated, Mr. Chavez's base offense level is 12. *See* USSG § 2k2.1(a)(7). And his total offense level (after accounting for acceptance and specific offense characteristics) should be 13—yielding a guideline range of 12-18 months in custody.

The draft PSR incorrectly calculates Mr. Chavez's base offense level as 20, based on Mr. Chavez's admission—to pretrial services, in treatment records, and during the PSI—that he started using marijuana in 2018 and that he was a "daily" user of marijuana until 2023. *See* Draft PSR ¶ 20. Based on that generalized admission of marijuana use, the draft PSR asserts that Mr. Chavez was a "prohibited person," within the meaning of 18 U.S.C. § 922(g) or § 922(n). According to the draft PSR, Mr. Chavez's marijuana use, then, presumably made him an "unlawful user of or addict[] to" a controlled substance. *See* 18 U.S.C. § 922(g)(3). Based on that conclusion, the PSR calculates Mr. Chavez's guideline range as 37-46 months in custody.

This erroneous conclusion has the effect of raising Mr. Chavez's offense level by 8 levels, and it results in a guideline range that is approximately three times longer than the otherwise-applicable guideline range.

**2. Mr. Chavez was not a "prohibited person."**

Mr. Chavez—who has no prior convictions (or even arrests)—was not a prohibited person at the time this crime occurred.

The draft PSR's conclusion is incorrect for three reasons: (1) it would violate the Second Amendment; (2) it would violate due process; and (3) even ignoring the Constitutional obstacles, the government could not satisfy its evidentiary burden.

**A. Treating Mr. Chavez as a prohibited person would violate the Second Amendment.**

Mr. Chavez's marijuana use did not render him a prohibited person.

In *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), the Fifth Circuit considered whether a "non-violent, marijuana smoking gunowner" could be treated as a prohibited person under 18 U.S.C. § 922(g)(3). *See* 117 F. 4th at 272. There, the defendant admitted to using marijuana as a sleep aid and for anxiety. *Id*. Like here, there was no indication that the defendant had carried the weapons at issue while under the influence of marijuana. *Id*.

The Fifth Circuit concluded that a prosecution—and, by extension, treating an individual as a prohibited person—under § 922(g)(3) could only withstand Second Amendment scrutiny if there was evidence that: (1) the person was actually impaired at the time the firearms were carried; (2) the drugs alleged to have been used were so powerful that the person was permanently impaired; or (3) the drug use was so regular and heavy that it rendered the person continually impaired. *Connelly*, 117 F.4th at 275-277.

There is nothing approaching that type of evidence in this case. There is no evidence that Mr. Chavez was impaired at the time he possessed any of the guns at issue in this case—let alone the specific purchase on March 4, 2020, that triggered USSG 2K2.1(a)(4)(B). Marijuana is not the type of drug that is "so powerful" that it could render someone "permanently impaired in a way comparable to severe mental illness." *Connelly*, 117 F4th at 277. Nor is there any evidence that Mr. Chavez's use was "so regular and heavy" that he was *continually* impaired.

Accordingly, Mr. Chavez cannot be treated as a prohibited person consistent with the Second Amendment.

3

**B. Treating Mr. Chavez as a prohibited person would violate the Fifth Amendment**.

Treating Mr. Chavez as a prohibited person based on his use of a substance that was lawful under state law would also violate due process.

In *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir 2001), the Ninth Circuit considered a due process challenge to an individual's conviction under § 922(g)(3). There, the defendant argued that § 922(g)(3) was unconstitutionally vague, because it did not provide adequate notice that "the manner and extent to which [the defendant] smoked marijuana and methamphetamine qualified him as an 'unlawful user of a controlled substance.'" *Id*. at 812. There, evidence showed the defendant had used cocaine, methamphetamine, and marijuana "on a regular basis for years"—including evidence that he had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm. *Id*. at 812.

The Ninth Circuit emphasized that, to prove an individual was a prohibited person under §922(g)(3), due process requires the government to prove: (1) that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm, *id*. at 813; *and* (2) that the drug used was not one "that may be used legally by laymen in some circumstances." *Id*. at 812 (citing *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977).[1]

---

[1] In *Ocegueda*, the Ninth Circuit likewise considered a vagueness challenge to 18 U.S.C. § 922(g)(3). 564 F.2d at 1365. There, evidence established the defendant was a regular heroin user, including at the time he purchased the guns. *Id*. In deciding whether the term "unlawful user" was unconstitutionally vague, the court noted that heroin "has no legal use by laymen," nor is it "the type of drug that may be used legally by laymen in some circumstances, but not in others." *Id*.

4

Again, there is no evidence—beyond his generalized admission of use—that Mr. Chavez was using marijuana contemporaneously with his purchase or possession of a firearm. Second, and significantly, it is lawful under Arizona state law for adults to possess and use marijuana. *See* Smart and Safe Arizona Act (Prop 207), A.R.S. § 36, Chapter 28.2. The conflicting (and confusing) legal regimes which govern marijuana use do not put an individual of ordinary intelligence on notice that they risk prosecution—and deprivation of a constitutional right—because they use marijuana and own or possess firearms.

Accordingly, treating Mr. Chavez as a prohibited person based on marijuana use would violate the Fifth Amendment.

**C. The government cannot meet its evidentiary burden to show that Mr. Chavez was an unlawful user of or addicted to marijuana.**

Even setting aside the constitutional problems with treating Mr. Chavez as a prohibited person based on past marijuana use, there is yet another obstacle: the government cannot meet its evidentiary burden to prove Mr. Chavez was an unlawful user of marijuana at the time of the offense.

The PSR states that Mr. Chavez admitted to first using marijuana at age 18 and that "he smoked marijuana daily until July 23, 2023." PSR ¶ 45. There are several evidentiary gaps that would preclude using this statement, alone, to establish that Mr. Chavez was a prohibited person.

First, and foremost, there is no evidence—beyond his own generalized admission—of Mr. Chavez's marijuana use from March 2020 to June 2022. No marijuana was seized at any time; Mr. Chavez was not recorded using marijuana;

---

Here, of course, while marijuana is a federally controlled substance, marijuana *use* in Arizona is lawful for persons over age 21.

he did not test positive for marijuana during the relevant time-period; and there are no other records to suggest the timing, frequency, and duration of his marijuana use. *See United States v. Miller*, 874 F.2d 1255, 1279 (9th Cir. 1989) ("The government must introduce sufficient independent evidence that tends to establish that a defendant's admission is trustworthy."). There is, simply, no independent evidence to corroborate Mr. Chavez's admission.

Second, there is no evidence to suggest *when* Mr. Chavez's "daily" use began. The PSR assumes Mr. Chavez's daily use began in 2018, when he admitted to using marijuana for the first time. But there is no information to corroborate that belief, beyond the statement that he was a daily user until July 2023. If his daily use did not begin until July 2022, Mr. Chavez would not qualify as a prohibited person.

Third, even assuming Mr. Chavez was a daily marijuana user during the relevant time period, there is no specific evidence about that use. As described above, the government would need to prove Mr. Chavez was under the influence of marijuana at the time the firearms were purchased or possessed. *See supra.* Thus, the specific details of the timing and use matter significantly. For example, many people use marijuana as a sleep aid (like in *Connelly*, 117 F.4th at 272). Were this the case here, Mr. Chavez may have only been in bed while under the influence of marijuana. Likewise, many people use marijuana products that vary in intensity— such that an individual might test positive for marijuana but not be "impaired" or "under the influence." But, again, there is no evidence of Mr. Chavez's use.

And, again, because there is no specific evidence of Mr. Chavez's use, the government cannot prove that he was a prohibited person during the relevant time period.

\*       \*       \*

Taken as a whole, Mr. Chavez was not a prohibited person at the time the offense occurred. Accordingly, the PSR's base offense level calculation is incorrect.

Respectfully submitted:   November 6, 2024.

JON M. SANDS
Federal Public Defender

 *s/Mark Rumold*
MARK T. RUMOLD
Asst. Federal Public Defender