JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

MARK T. RUMOLD
California Bar No. 279060
Assistant Federal Public Defender
Attorney for Defendant
mark_rumold@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                   Plaintiff,<br><br>          vs.<br><br>Jacob Angel Chavez,<br><br>                   Defendant. | No. CR-22-00923-PHX-SMB-1<br><br>**SENTENCING MEMORANDUM<br>and<br>MOTION FOR DOWNWARD<br>VARIANCE**<br><br>**Defendant Not In Custody** |

Jacob Angel Chavez, through counsel, respectfully submits the following sentencing memorandum and motion for downward variance.

Mr. Chavez is before the Court after pleading guilty to one count of False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

For the reasons explained below, Mr. Chavez respectfully requests he receive a sentence of 36 months of probation.

## I.  Background

Mr. Chavez is 24 years-old, and he is a loved son, brother, partner, and—soon—a father for the second time. Before this case, Mr. Chavez had never been arrested nor accused of a crime. This is his first criminal conviction.

…

Mr. Chavez is a member of a small, closely-knit family. He lives at home with his mother, his two younger brothers, and his partner, Cordy Smith. Mr. Chavez's father was killed in a car accident when he was 4, and his mother and step-father separated when he was 12. That left Mr. Chavez to look after and care for his younger brothers while his mother worked. PSR ¶ 38. And, just as Mr. Chavez supported his family through difficult times, his family is supportive of him now: he has their full support and they will help ensure Mr. Chavez does not make a mistake like this again in the future.

And Mr. Chavez's family is growing. He has been in a committed relationship with his partner for a year, and they are expecting their first child together in April. Mr. Chavez will be the sole source of financial support for his partner and their new baby when he is born. Mr. Chavez has another son, too, whom he shares custody of and supports financially.

In addition to a beloved family member, Mr. Chavez is a valued employee. Mr. Chavez is employed full-time at EcoShield Pest Solutions as a pest control technician. He earns $21.60 per hour; he has already been promoted several times; and he is optimistic about a promotion to a supervisory position soon. Mr. Chavez would not be able to maintain his employment if he received a custodial sentence.

\* \* \*

From March 2020 to June 2022, Mr. Chavez bought a total of 17 guns. When he purchased some of the guns, he used the address that was on his drivers' license—an old address—that he knew was not his current address. He was required to put his current address on the form, and he did not.

Mr. Chavez regrets his actions. He knows what he did was wrong.

\* \* \*

Mr. Chavez was indicted in July 2022, and he was arrested in August 2023. In September 2024, Mr. Chavez pleaded guilty to one count of making a false statement in the purchase of a firearm.

Mr. Chavez has been on pretrial release for nearly a year and a half. During that time, he has "adjusted well" to supervision. PSR ¶ 6. He has reported as directed and maintained stable employment and housing, and he has had no law enforcement contact. *Id*. Although Mr. Chavez initially tested positive for marijuana, he has subsequently tested negative for the past year. *Id*. He has no physical or mental health conditions, and he does not abuse alcohol.

## II.    Sentencing Recommendation

Mr. Chavez respectfully requests the Court impose a sentence of 36 months of probation.

The Court shall impose a sentence this is "sufficient, but not greater than necessary," to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The statute sets forth several factors the Court must consider, including the Sentencing Guidelines.

Here, the applicable Sentencing Guideline range—should the Court sustain Mr. Chavez's objection to the Guideline calculation, *see* Dkt. 40— suggests a sentence of 12-18 months in custody (and the plea caps Mr. Chavez's sentence at 12 months and one day). But the Guideline range is not presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007). Instead, considering the guidelines and all other § 3553(a) factors, the district court must make an "individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

Here, that individualized determination supports a downward variance— and a sentence of probation. The requested sentence is appropriate for the following reasons:

*First*, Mr. Chavez's personal history and characteristics support a sentence of probation. *See* 18 U.S.C. § 3553(a)(1). At the age of 24, this case represents Mr. Chavez's first contact with law enforcement. In his time on pretrial release, Mr. Chavez has maintained steady, good-paying employment, stable family relationships and housing. In April, he will be the primary source of financial support for his partner and their young child. Mr. Chavez has shown he can be a law-abiding and productive member of society and— just as the PSR suggests— he is unlikely to offend again. *See* PSR at 15 ("Given Chavez's lack of criminal history and his compliance to pretrial supervision, it is believed he poses a low risk to reoffend.").

*Second*, a sentence of probation appropriately balances the seriousness of the offense, the need for deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(2). Making false statements in the purchase of a firearm is a felony that requires a just punishment. But Mr. Chavez is a young man who made a mistake, and it appears his arrest and his time on supervision have already impressed upon him the gravity of his actions. The prospect of a custodial sentence upon revocation provides all the deterrence necessary to guard against future criminal conduct.

*Third*, the Court should also consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). According to U.S. Sentencing Commission data, since Fiscal Year 2021 in the District of Arizona, there have been 176 prosecutions for which § 2K2.1—the applicable Guideline here—was the primary Guideline and the defendant was in Criminal History Category I—like Mr. Chavez. In approximately 50% of those cases, a sentence of probation (or another alternative to custody) was imposed. *See* U.S. Sentencing Commission, *Interactive*

*Data Analyzer.*[1] Mr. Chavez's personal history and characteristics, as well as the specific facts of this case, confirm he should be sentenced similarly to the roughly 50% of defendants who receive a non-custodial sentence.

*Finally*, the collateral consequences of a custodial sentence outweigh any legitimate sentencing objectives custody might offer. Mr. Chavez is already the father of a young child whom he supports financially, and he expects to be the primary source of financial support for his partner and their new baby. Separating Mr. Chavez from his family at this crucial time could tip a family—already in a precarious financial position—into further instability. Mr. Chavez has pleaded guilty and accepts responsibility for his actions. After this case, he will be a convicted felon and carry all the collateral burdens that come with it. A custodial sentence is unnecessary.

* * *

Accordingly, Mr. Chavez respectfully requests the Court impose a sentence of probation.

Respectfully submitted:   December 9, 2024.

JON M. SANDS
Federal Public Defender

*s/Mark Rumold*
MARK T. RUMOLD
Assistant Federal Public Defender

*/ny*

---

[1] *Available at* https://ida.ussc.gov/analytics/saw.dll?Dashboard#USSCAskIDACustomPopupClose (selecting for District of Arizona cases in FY 2021 - 2023 where §2K2.1 was primary guideline and defendant was a criminal history category I).